IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway<br><br>Plaintiff,<br><br>v.<br><br>RAVKIND AND ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY DEFENDANT RAVKIND & ASSOCIATES (Docket No. 9)**<br><br>Case No.  2:12-cv-00022-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Ravkind and Associates (Ravkind) moved to dismiss the Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1]  Ravkind argues this Court lacks personal jurisdiction over it.  (*See* Docket No. 9.)  Based on the Court's careful consideration of the parties' memoranda and relevant legal authorities, this Court renders the following Memorandum Decision and Order.[2]

The Court denies Ravkind's Motion to Dismiss because under 28 U.S.C. section 754 and section 1692, Plaintiff R. Wayne Klein (the Receiver) timely filed a copy of the Complaint and Order of Appointment, and Ravkind has not provided this Court sufficient justification to reject personal jurisdiction over it for reasons of fairness and notice under the Fifth Amendment.

---

[1] On April 9, 2012, in accordance with United States District Court for the District of Utah General Order 07-001 and Fed.R.Civ.P. 73, the parties consented to have this case assigned to Magistrate Judge Paul M. Warner.  (*See* Docket No. 14.)  On May 21, 2012, this case was reassigned to the undersigned Magistrate Judge.  (*See* Docket No. 18.)

[2] Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the Court concludes it does not need oral argument and will determine the motion on the basis of the written memoranda.  *See* DUCivR#7-1(f).

**Background**

Mr. Klein serves as the Court-Appointed Receiver of U.S. Ventures, Winsome Investment Trust ("Winsome"), and all assets of Robert J. Andres and Robert L. Holloway (collectively, the "Receivership Defendants"). On January 24, 2011, the Commodity Futures Trading Commission (the "CFTC") sued the Receivership Defendants in the United States District Court for the District of Utah, Case No. 2:11-CV-00099-BSJ (the "CFTC Action"), alleging Receivership Defendants violated the Commodity Exchange Act by fraudulently taking $50 million from investors by means of a Ponzi scheme. On January 25, 2011, the District Court granted CFTC's Motion for Statutory Restraining Order (the "Order"). The Order appointed Mr. Klein as Receiver over the assets of Receivership Defendants, and on September 28, 2011, the District Court reappointed Mr. Klein as Receiver. Since the CFTC Action filing, the District Court has entered default judgments against Holloway and US Ventures and entered preliminary injunctions against Receivership Defendants.

On January 9, 2012, the Receiver filed this action alleging that between April 3, 2008 and May 31, 2008, Ravkind received direct payments totaling $225,000.00 from Winsome without providing any benefit or services to Winsome and that those payments are void under the Utah Uniform Fraudulent Transfer Act. (*See* Docket No. 2.) Ravkind allegedly returned a total of $175,000.00 to Winsome in June and July 2008 but retained the remaining $50,000.00. The Receiver seeks damages of $50,000.00 plus interest and other amounts to be proven at trial. Further, the Reciever seeks imposition of a constructive trust over all monies and assets obtained by Ravkind with monies it received from the Receivership Defendants.

**Discussion**

28 U.S.C. section 754 vests a receiver appointed in a civil action involving property with complete jurisdiction over that property when the receiver files copies of the complaint and order of appointment in the district court for each district in which the subject property sits. 28 U.S.C. § 754 (2006). The receiver must file copies of the complaint and order of appointment within ten days after appointment, otherwise the receiver risks losing jurisdiction over the property. *Id*. When a receiver complies with section 754, he triggers 28 U.S.C. section 1692. Under section 1692, process may issue and be executed in any district where the receiver believes he will find property of the receivership. 28 U.S.C. § 1692 (2006).

1. Filing Requirement

The District Court reappointed Mr. Klein as receiver on September 28, 2011, and Mr. Klein filed a copy of the Complaint and Order in the Northern District of Texas, where Ravkind maintains its principal place of business, on October 11, 2011. Section 754 does not specify how to calculate the notice requirement, hence Federal Rule of Civil Procedure 6(a) provides the computation method. *See* Fed. R. Civ. P. 6(a). Under Rule 6, we calculate the 10-day period by excluding the day triggering the event and then counting ten days "until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Thus, the last day to file was Tuesday, October 11, 2011. We obtain this date by excluding the day of reappointment, September 28; Saturday, October 8; Sunday, October 9; and Monday, October 10—Columbus Day. Thus, the Receiver filed a copy of the Complaint and Order within ten days after the Order, establishing personal jurisdiction over Ravkind under section 754 and section 1692.

## 2. Fairness and Notice under the Fifth Amendment

Ravkind further argues this Court lacks personal jurisdiction under the standard "minimum contacts" and "fair play and substantial justice" analysis of *International Shoe* and its progeny. *See Int'l Shoe v. State of Washington*, 326 U.S. 310 (1945). The Tenth Circuit requires a defendant claiming lack of personal jurisdiction where notice was proper under Rule 4 prove that the court exercising personal jurisdiction over him actually infringes his liberty interests and that litigation in the chosen forum will be gravely difficult and leave him severely disadvantaged. *Peay v. Bellsouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000). To make this assessment the Court considers the following five factors:

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business.

*Id*. at 1212-1213 (citations omitted).

In making this assessment, the Court must accept the allegations of the Complaint as true unless controverted by affidavit. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). Because Ravkind did not address how this Court exercising personal jurisdiction over it under 28 U.S.C. section 754 and section 1692 would infringe its liberty interests or make litigating in this forum gravely difficult, the Court denies Ravkind's Motion.

**Conclusion**

For the reasons set forth above, the Court DENIES Ravkind's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 9).

DATED this 11th day of January, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge