IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, the Court-Appointed Receiver of U.S. Ventures LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway,<br><br>Plaintiff,<br><br>v.<br><br>RAVKIND & ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING THE RECEIVER'S MOTION FOR SUMMARY JUDGMENT (ECF No. 35)**<br><br><br>**Case No. 2:12-cv-00022-EJF**<br><br>**Magistrate Judge Evelyn J. Furse** |

## I. INTRODUCTION

Plaintiff R. Wayne Klein (the "Receiver"), the Court-Appointed Receiver for U.S.

Ventures LC, Winsome Investment Trust ("Winsome"), and all assets of Robert J. Andres and

Robert L. Holloway (collectively, the "Receivership Defendants"), filed an action to recover

funds paid to Defendant Ravkind & Associates ("Ravkind") from Winsome's bank accounts. [1]

(ECF No. 2.)  On May 9, 2014, the Receiver moved the Court for Summary Judgment on his

claims of fraudulent transfer and unjust enrichment.  (ECF No. 35.)  Ravkind did not respond to

the fraudulent transfer claim but argued against summary judgment on the unjust enrichment

claim because Ravkind provided legal services in good faith and returning those rightfully

earned fees when Ravkind had no knowledge of Winsome's Ponzi scheme would work an

---

[1] On April 9, 2012, in accordance with United States District Court for the District of Utah General Order 07-001 and FED. R. CIV. P. 73, the parties consented to have this case assigned to Magistrate Judge Paul M. Warner.  (ECF No. 14.)  On May 21, 2012, this case was reassigned to the undersigned Magistrate Judge.  (ECF No. 18.)

injustice on Ravkind.  (ECF No. 36.)  In general, Ravkind asked the Court to refrain from granting summary judgment on either claim under principles of equity because it did the work and did not know the money came from a fraudulent source.  (ECF No. 36.)

Because Ravkind received payment during Winsome's Ponzi scheme and because Winsome did not receive a reasonably equivalent value in exchange, the payments to Ravkind constitute actually and constructively fraudulent transfers under Utah's Uniform Fraudulent Transfer Act.  Because the Court will allow the Receiver to avoid these transfers as fraudulent, the Court will not consider the unjust enrichment claim, which the Receiver pled in the alternative.  Accordingly, the Court grants the Receiver's Motion for Summary Judgment.

## II.  <u>STANDARD OF REVIEW</u>

Courts may grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  In considering a motion for summary judgment, a court must "view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party."  *N. Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008) (citation omitted).

## III.  <u>UNDISPUTED FACTS</u>

The parties agreed that the following constitute the relevant facts.  (Mot. Summ. J. iii-v, ECF No. 35; Resp. 2, ECF No. 36.)  On January 25, 2011, the United States District Court for the District of Utah granted the Commodity Futures Trading Commission's Motion for Statutory Restraining Order (the "Order") against the Receivership Defendants.  Among other things, the Order appointed Mr. Klein as Receiver over the assets of the Receivership Defendants.  (ECF No. 35-1, ex. A at 22.)

Winsome operated as a Ponzi scheme since 2005. (*See* ECF No. 35-1, ex. B at 35.) Mr. Andres, who had sole authority over Winsome, admitted that he had falsely represented the total assets of Winsome and distributed profits to old investors using proceeds from new investors. (Mot. Summ. J. iii-iv, ECF No. 35.)

The Receiver alleged that between April 2008 and May 2008, Ravkind knowingly received a total of $225,000 in direct wire transfers from Winsome's bank accounts. (Mot. Summ. J. iv, ECF No. 35.) At that time, Winsome was already insolvent. (Mot. Summ. J. iii, ECF No. 35.) Between June and July 2008, Ravkind returned $175,000 to the Receivership Defendants because it agreed it had not performed services to earn that additional amount but retained the remaining $50,000. (*See* Mot. Summ. J. iv, ECF No. 35.) Ravkind alleged the amount retained paid for legal services rendered to Albert and Cherylyn Sellers (the "Sellers"), and Mr. Andres, on behalf of Winsome, had said Winsome would make that payment. (Mot. Summ. J. iv, ECF No. 35.) However, Ravkind showed no evidence of any agreement or anything else obligating Winsome to pay the Sellers' legal fees. (*Id.* at iv-v.) Mr. Andres stated that he helped the Sellers because he believed they did not do anything wrong. (*Id.*) Aside from the payments, the facts alleged disclose no connection between the Sellers and Winsome. (*See id.*) Winsome also did not benefit from the legal services provided by Ravkind. (Mot. Summ. J. v, ECF No. 35.)

Ravkind did not know the funds received derived from the Winsome fraud. (Resp. 2, ECF No. 36.)

# IV. <u>DISCUSSION</u>

### A.  Fraudulent Transfer Claim

Utah's Uniform Fraudulent Transfer Act ("UFTA") considers any transfer actually fraudulent if the payor made the transfer "with actual intent to hinder, delay, or defraud any creditor of the debtor."  UTAH CODE ANN § 25-6-5(1)(a).  A challenger to such a payment can establish actual intent "conclusively…by proving that the debtor operated as a Ponzi scheme." *S.E.C. v. Madison Real Estate Grp., LLC*, 647 F. Supp. 2d 1271, 1279 (D. Utah 2009) (internal quotation marks and citation omitted).  If a court finds a transfer fraudulent, the court may void it.  UTAH CODE ANN § 25-6-8(1)(a).

However, UFTA provides for a good-faith defense to actually fraudulent transfers: "[a] transfer or obligation is not voidable under Subsection 25-6-5(1)(a) against a person who took in good faith and for a reasonably equivalent value."  UTAH CODE ANN § 25-6-9(1).  Recent cases have measured "reasonably equivalent value" by what the recipient provides to the debtor, not by what the recipient provides to a third party.  *See Klein v. King & King & Jones*, No. 13-4131, 2014 WL 3397671, at *2 (10th Cir. July 14, 2014), *aff'g* No. 2:12-CV-00051, 2013 WL 4498831 (D. Utah Aug. 19, 2013); *Klein v. Cornelius*, No. 2:11CV1159DAK, 2013 WL 6008304, at *3 (D. Utah Nov. 13, 2013).  Because the good faith defense is an affirmative defense, the defendant has the burden to prove both of these elements.  *Wing v. Apex Holding Co., LLC*, No. 2:09-CV-00022, 2009 WL 2843343, at *5-6 (D. Utah Aug. 27, 2009) ("whether a defendant took payments from [the Ponzi scheme receivership entity] in good faith and for reasonably equivalent value is an affirmative defense…").

Neither party disputed that Winsome has operated as a Ponzi scheme since 2005.  The payments to Ravkind took place in 2008, well after the commencement of the Ponzi scheme.

Thus, Utah law dictates that Winsome made the payments to Ravkind "with actual intent to hinder, delay, or defraud any creditor of the debtor," making the transfers actually fraudulent.

Ravkind does not qualify for the good-faith exception, because it did not give reasonably equivalent value to Winsome in exchange for the payment. Ravkind did not present any evidence to prove this element. Although Ravkind provided the Sellers with legal services, the Sellers have no relationship to Winsome, and thus Winsome, and therefore Winsome's creditors, did not receive any benefit from Ravkind's actions.

UFTA also provides that any transfer qualifies as constructively fraudulent if the debtor did not receive "a reasonably equivalent value in exchange," and if the debtor "intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." UTAH CODE ANN § 25-6-5(1)(b).

This subsection makes the transfers to Ravkind constructively fraudulent in addition to actually fraudulent. As discussed above, Winsome did not receive a reasonably equivalent value in exchange for the payment to Ravkind. Additionally, because Winsome operated as a Ponzi scheme, it intended to incur debts beyond its ability to pay as they became due. *See Klein v. King & King & Jones*, No. 13-4131, 2014 WL 3397671, at *3 (10th Cir. July 14, 2014), *aff'g* No. 2:12-CV-00051, 2013 WL 4498831 (D. Utah Aug. 19, 2013).

**B. Unjust Enrichment Claim**

Because the Court voids the transfers as actually or constructively fraudulent transfers, the Court declines to decide the issue of whether Ravkind has liability on the claim of unjust enrichment.

## V.  <u>CONCLUSION</u>

For the reasons stated above, the Court GRANTS the Receiver's Motion for Summary Judgment.

SO ORDERED this 27th day of August, 2014.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge